UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

MELSON RAHEEN[1] MATHIS, )
)
    Petitioner, ) Civil Action No. 14-CV-114-HRW
)
v. )
) **MEMORANDUM OPINION**
MICHAEL SEPANEK, *Warden*, ) **AND ORDER**
)
    Respondent. )

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Melson Raheen Mathis is a federal inmate confined in the Federal Correctional Institution at Ashland, Kentucky. Proceeding *pro se*, Mathis has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241, seeking relief from a prison sentence he alleges was erroneously imposed. [D. E. No. 1] Mathis requests that his 10-year sentence on Count 2 of the indictment be vacated and that

---

[1]The CM/ECF docket sheet in this case identifies petitioner as Melson "Raheem" Mathis. However, the caption of Mathis' habeas petition and memorandum in support thereof identifies him as Melson "Raheen" Mathis, and he signed the petition as Melson "Raheen" Mathis. [D. E. No. 1] Further, the Federal Bureau of Prisons ("BOP") identifies petitioner as Mathis "Raheen" Mathis, Register No. 21289-057. See www.bop.gov/inmateloc (last visited January 15, 2015). For this reasons, the Clerk of the Court will be directed to amend/correct the CM/ECF docket sheet in this case to reflect that the correct spelling of Mathis' middle name is "Raheen," rather than "Raheem."

he be resentenced to a 5-year sentence. [D. E. No. 1, page 6] Mathis has paid the $5.00 filing fee. [D. E. No. 3]

The Court reviews the § 2241 petition to determine whether, based on the face of the petition and any exhibits attached thereto, Mathis is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

The Court has reviewed the petition, but determines that Mathis has not alleged facts as to any of his claims that would entitle him to relief under § 2241.

## CRIMINAL HISTORY

On December 7, 2004, Mathis and co-defendant James Lynch were charged a three-count superseding indictment. *United States v. Melson Raheen Mathis,* No. 1:02-CR-00891-ARR (E.D.N.Y. 2002) [D. E. No. 290, therein] Mathis was charged in Counts 1 and 2. Count 1 charged that he did knowingly and intentionally conspire to distribute and to possess with intent to distribute a controlled substance containing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) 841(b)(1)(A)(I), and 846. Count 2 charged

him with knowingly and intentionally using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Mathis proceeded to trial. On February 18, 2005, a jury found him guilty on both counts of the indictment. [D. E. No. 320 therein]

On November 29, 2005, the district court imposed a 162-month prison sentence on Count 1, and a consecutive, 120-month sentence on Count 2, for a total sentence of 282 months. [D. E. No. 367 therein]

Mathis appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit. On November 29, 2007, the Second Circuit affirmed his conviction and sentence. [D. E. No. 412 therein] Thereafter, on March 9, 2009, Mathis moved to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. *Melson Raheem Mathis v. United States*, No. 1:09-cv-01101-ARR (E.D.N.Y. 2009) [D. E. No. 1 therein]. On June 23, 2009, the trial court denied his § 2255 motion and denied him a certificate of appealability. [*Id.* at D. E. No. 5 therein] Mathis then moved the Second Circuit for a certificate of appealability. On May 6, 2010, the Second Circuit denied the motion and dismissed his appeal. [*Id.* at D. E. No. 10 therein] Subsequently, in April of 2011, Mathis moved for, but was denied, relief from judgment under Fed. R. Civ. P. 60(b). [*Id.* at D. E. Nos. 11 and 12 therein]

## CLAIM ASSERTED IN THE § 2241 PETITION

Mathis challenges the 120-month sentence he received on Count 2 of the indictment. He claims that since he was only charged for using or carrying a firearm, and was not charged either with "brandishing" or firing a firearm, during and in relation to this drug trafficking offense, the district court improperly imposed a 120-month sentence, as there was no jury finding made that would warrant the imposition of a 120-month sentence. Mathis claims that this sentence violates his right to due process of law, guaranteed by the Fifth Amendment of the U.S. Constitution, and his right to have a jury determine any facts that increase the term of his sentence, as guaranteed by the Sixth Amendment of the U.S. Constitution.

In support of this argument, Mathis cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the U. S. Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2155. Mathis contends that because *Alleyne* applies retroactively and affords him relief from his sentence, this Court should vacate that portion of his sentence, pursuant to 28 U.S.C. § 2241, and resentence him to a 60-month sentence on Count 2.

4

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). In this petition, Mathis is not challenging the manner in which the BOP is executing his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the

ambit of § 2241. Instead, he contends that based on the holding in *Alleyne*, his 120-month sentence on Count 2 violates both his right to due process of law and his right to a trial by jury as to any element that would increase his sentence. However, Mathis does not allege facts which would warrant any form of relief under § 2241.

By asserting a claim under *Alleyne*, Mathis is challenging the constitutionality of his 120-month sentence on Fifth and Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making those claims. A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729

(6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Mathis contends that his § 2255 motion was inadequate or ineffective because *Alleyne*, decided long after his § 2255 motion was denied, supports his argument that the district court improperly enhanced his sentence. Mathis argues that he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury. If Mathis were currently arguing that particular sentencing issue on direct appeal of his sentence, he could properly rely on *Alleyne* as support for his argument. However, Mathis asserts this particular sentencing claim in a § 2241 petition, which is merely a collateral challenge to his sentence. Unfortunately for Mathis, on June 24, 2014, the Sixth Circuit Court of Appeals joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

Further, Mathis does not allege that he is actually innocent of the underlying drug trafficking and firearm offenses of which a jury found him guilty; he contends only that the district court improperly sentenced him on Count 2, in violation of his due process rights and in violation of his right to a trial by jury on the issue as to the extent of his "use" of a firearm in the underlying case. Even if this Court were able to assume that the district court improperly sentenced him, the savings clause may only be applied when the petitioner makes a claim of actual innocence. Claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"). Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause). Thus, Mathis' *Alleyne* claim is not one that entitles him to relief from his 120-month sentence on Count 2 under § 2241.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall amend/correct the CM/ECF docket sheet in this case to reflect that the correct spelling of Mathis' middle name is "Raheen," instead of "Raheem."

2. Petitioner Melson Raheen Mathis' 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

3. The Court will enter an appropriate Judgment; and

4 This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 27th day of January, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**